# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

SHAKA BERMUDEZ, et al.,
  v.                                        CASE NUMBER: 98-1787 (DRD)
1 WORLD PRODUCTIONS, INC. et al.,

## ORDER

On February 11 and 24, 1999, defendants Yolly Garratón and Wyndham International respectively filed a motion to dismiss. (Docket Nos. 24 & 26). Both motions to dismiss were accompanied with sworn statements which manifested the lack of relationship between these defendants and plaintiff's complaint. Both motions to dismiss were unopposed by Plaintiff. Notwithstanding, on June 15, 1999, plaintiff petitioned the court for a dismissal of the complaint against defendants Yoly Garraton and Wyndham International. (Docket No. 33). On June 25, 1999, the Court granted plaintiff's request for voluntary dismissal and thereby dismissed the complaint filed against these two defendants without prejudice and without the imposition of costs, expenses or attorney's fees. (Docket No. 36). Defendants now ask the Court to reconsider said decision and dismiss the complaint against them with prejudice and with imposition of reasonable attorney's fees. (Docket No. 37.)

In its Order of June 25, 1999, the Court granted plaintiff's request for a voluntary dismissal treating plaintiff's request as a stipulation. Defendants, however, have correctly pointed out that they did not stipulate said request for dismissal and that they had already served plaintiff with a motion to dismiss which under Rule 12(b) should be treated by the Court as a motion for summary judgment. Voluntary dismissal under Rule 41(a)(1) was, thus, inapplicable. Instead, dismissal of plaintiff's complaint against defendants Yolly Garraton and Wyndham International should have been granted by Order of the Court under Rule 41(a)(2).

Under Rule 41(a)(2) an action may be dismissed by Order of the Court with such terms and conditions as the Court deems proper. In the instant case, given defendants' unopposed motion to dismiss and having considered the documents accompanying said motion, the Court deems proper to dismiss this action **with prejudice.** Defendants motions to dismiss are accompanied by sworn statements which state sufficient facts to conclude that neither Yolly Garratón or Wyndham International have a connection to the facts upon which plaintiff's complaint is based. Defendants' motion for reconsideration (Docket No. 37) is, thus, **GRANTED.**

Plaintiff is granted **15 days** to show cause why reasonable attorney's fees should not be imposed. Failure to comply will result in the imposition of attorney's fees under Rule 11 of the Federal Rules of Civil Procedure.

Also, on July 15, 1999, plaintiff filed a motion acknowledging that process was not properly served upon defendants Astrid Martínez and Orlin Goble. (Docket No. 29.) Accordingly, Plaintiff



requested the Court to order the issuance of new summons and to grant them reasonable time to properly serve said defendants. The Court acceded to plaintiff's request and granted plaintiff 45 days, or until August 9, 1999, to serve process on said defendants. (Docket No. 35). The Court also warned plaintiff that failure to properly serve defendants within that period would result in the dismissal of the complaint as to them. To this date it does not appear that plaintiff has complied with the Court's Order. Consequently, defendants' motion to dismiss for lack of service of process (Docket No. 38) is **GRANTED**. Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE** against defendants Astrid Martínez and Orlin Goble. Judgement shall be entered accordingly.

IT IS SO ORDERED.

DATE: November 12, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE