# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**SHAKA BERMUDEZ, et al.,**
   **v.**            **CASE NUMBER: 98-1787 (DRD)**
**1 WORLD PRODUCTIONS, INC. et al.,**

## ORDER

On November 12, 1999, the Court granted Plaintiffs fifteen (15) days to show cause why reasonable attorneys' fees should not be imposed under Fed. R. Civ. Proc. 11 (Docket No. 39). More than two (2) months later, on January 18, 2000, Plaintiffs finally made an appearance in compliance with the Court's Order, stating simply that "during the reasonable preliminary investigation conducted by the undersigned's [sic], it initially revealed that Yoly Garraton and Wyndham International had a relationship with the facts shown on the complaint of the instant case." Hence, other than making a conclusory affirmation more than two (2) months after the Court's Order, Plaintiffs have made no effort to place the Court in a position to determine whether or not Plaintiffs complied with Rule 11(b)(3).

In light of the above, Plaintiffs' motion not to impose legal fees is **DENIED** (Docket No. 43), while Defendants' motion for attorneys' fees is **GRANTED** (Docket No. 44). Counsel for Defendants Yoly Garratón and Wyndham International are to certify to the Court within ten (10) days the proposed rate for attorneys' fees, the amount of time dedicated and the costs incurred in representing their clients. Bercovitch v. Baldwin School, Inc., 191 F.3d 8 (1st Cir. 1999); Bobe Muñiz v. Caribbean Restaurants, 76 F.Supp.2d 171 (D.P.R. 1999) (standard to impose attorneys' fees in favor of prevailing party is whether losing party's behavior was vexatious or frivolous).

IT IS SO ORDERED.

DATE: May _X_, 2000       **DANIEL R. DOMINGUEZ**
                **U.S. DISTRICT JUDGE**

N \98-1787 FEE

RECEIVED AND FILED
00 MAY -4 PM 5: 13
U.S. DISTRICT COURT
CLERK'S OFFICE
SAN JUAN, P.R.