UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SHAKA BERMUDEZ, et al.
**Plaintiffs**

v.

CASE NUMBER: 98-1787 (DRD)

1 WORLD PRODUCTIONS, INC., et al.
**Defendants**

## ORDER

Pending before the Court is Defendant David Kurland's Motion to Dismiss Under Rule 12(b)(6) filed on March 21, 2001 (Docket No.49). On May 15, 2001, this Court issued an order (Docket No.51) granting Plaintiffs ten (10) additional days, form receipt of said order, to file an opposition to the Defendant's aforementioned Motion to Dismiss. According to this court's order, the term would expire on May 25, 2001 and failure to oppose Defendant's motion would result in its adjudication as being unopposed. The deadline has since more than expired and Plaintiff has not opposed Defendant's Motion to Dismiss.

When deciding a Motion to dismiss under Federal Rule of Civil Procedure 12 (b)(60 the Court must accept as true all well-pleaded factual claims, and indluge all reasonable inferences in the plaintiff's favor. Soyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Dismissal is appropriate only when the facts alleged, taken as true, do not justify recovery for the plaintiff. Fed.R.Civ.P. 12(b)(6). Thus, in order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in the plaintiffs favor, this Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

Moreover, when considering a motion to dismiss under Rule 12 (b)(6) "our focus [must be] limited to the allegations of the complaint." Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978) (internal quotations omitted). Specifically, the inquiry should be "whether a liberal reading of [the complaint]can reasonably admit of a claim..." Id., see also Doyle, 103 F.3d at 190. Recently, in Wagner v. Devine, 122 F.3d 53 (1st Cir. 1997) the First Circuit held that a Court must "affirm a dismissal for failure to state a claim only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory." Id. at 55. The Supreme Court, decades ago, explained in Conley v. Gibson, 355 U.S. 41, 45-46; 78 S.Ct. 99, 102 (1957), that

> "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief. Id. at 45-46. With this standard in mind, all of the facts alleged in the complaint are accepted as true." See Dartmouth Review v. Darmouth Colllege, 889 F.2d 13, 16 (1st Cir. 1989); Gooley, 851 D2d at 514.




In the Motion to Dismiss, Defendant alleges that Plaintiffs have failed to assert factual, overt acts against Defendant Kurland, that would show his participation or intent to discriminate against Plaintiff. More specifically, the lack of factual, overt acts to support a cause of action under Title VII, 42 U.S.C §§ 11981, 1985(3), 1986, 1988, 2000(a) te seq., or under the First, Fifth, Thirteenth, and Fourteenth Amendments to the Constitution of the United States of America.

Plaintiffs allege that defendant Kurland is responsible in his personal capacity as an employee, and general manager, of El San Juan Hotel & Casino ("Hotel") for acts and/or omissions performed by him and resulting in damages to the Plaintiffs. However, Defendant states that Mr. David Kurland is not and has never been an employee of 1 World Productions, Inc. or labored for Babylon.

The Plaintiffs also allege that, as general manager of the Hotel, Defendant should have known and knew about the discriminating acts of Defendants. (Docket No. 9). Nevertheless, Defendant states that as an employee of the Hotel and *not of 1 world Productions, Inc. or Babylon*, he neither had any direct involvement in the daily operations of Babylon nor monitored the Hotel's diverse independent operations, making said claim a frivolous one. (Docket No. 49). Defendant also asserts that Plaintiff has failed to allege a specific, factual, overt act against him that may be attributed to Mr. Kurland as a discriminating act against Plaintiff. Plaintiff has the obligation to set forth "factual allegations either direct of inferential, regarding each material element necessary to sustain recovery". Gooley v. Mobil Oil Corp., 851 at 515, and has the affirmative responsibility to put his best effort forward in an effort to present a legal theory that will support his claim. McCoy v. Massachusetts Institute of Technology, 950 F2d 13, 23 (1st Cir. 1991). Since Plaintiffs have yet to submit factual allegations regarding Defendant Kurland's actual involvement, this Court cannot accept as true Plaintiffs' argument that, as general manager, Defendant should have known.

In Daniel v. Paul, 395 U.S. 298, 307-08, 89 S.Ct. 1697 (1969), the Supreme Court held that the "overriding purpose of Title [VII] was 'to remove the daily affront and humiliation involved in discriminatory denials of access to **facilities** ostensibly open to the general public." (quoting H.R. Rep. No. 914, 88th Cong., 1st Sess., 18) (emphasis ours). Further, it was again reiterated in Clegg v. Cult Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994) that

> [f]rom the plain language of the statute, it is -clear Congress' intent in enacting Title II was to provide a remedy only for discrimination occurring in facilities or establishments serving the public: to conclude otherwise would obfuscate the term "place" and render nugatory the examples Congress provides to illuminate the meaning of that term.

It is evident that 42 U.S.C. §2000(a) covers places, establishments, lodgings and facilities, among others, open to the public in general and **not the people** that are the source of the discrimination. See Welsh v. Boy Scouts of Am., 993 F.2d 1267, 1275 (7th Cir.), *cert. denied*, 114 S. Ct. 602 (1993) ("While it is true that 'people' and not 'places' are the source of discrimination, in Title II Congress focused exclusively on prohibiting discrimination in *places of public accommodation* and not in every conceivable social relationship.") (emphasis in original). At no point within the statute is there a reference to regulate anything other than public facilities. Therefore, this Court must conclude that Title VII covers only places, lodgings, facilities and establishments open to the public.

Pursuant to the Complaint (Docket No. 9) Defendant David Kurland is an employee of Defendant Posadas de San Juan Associates d/b/a El San Juan Hotel & Casino ("Hotel"). Notwithstanding his nature as an employee of the Hotel, Defendant is being sued in his personal capacity for actions that stem from his employment. Regardless of the liability that a public place of accommodation like the Hotel may have, the specific intent of the law is to regulate the institution of the "place of public accommodation" and not the employee.

See Walsh, 993 F.2d at 1275.

This Court, drawing all reasonable inferences from the allegations in favor of the Plaintiff, concludes that Plaintiff has failed to plead sufficient facts to establish a cause of action against Defendant Kurland under Title VII, 42 U.S.C. §§1981, 1985(3), 1986, 1988, 2000(a) et seq., that Defendant Kurland is not subject to individual responsibility under Title VII, and that Plaintiff failed to plead sufficient facts to establish a cause of action against Defendant under the First, Fifth, Thirteenth, and Fourteenth Amendments of the Constitution of the United States of America. Additionally, the Court finds that Plaintiff neglected to file an opposition to Defendant's Motion, even after this Court granted an extended ten (10) day period to do so. Consequently, Defendant's Motion to Dismiss Under Rule 12(b)(6) is **GRANTED**.

The dismissal of Plaintiff's federal claim leaves only Plaintiff's claim under Puerto Rico law. Pursuant to 28 U.S.C. §1367(c) and United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966), the Court declines to exercise supplemental jurisdiction over Plaintiff's Commonwealth claims against Defendant. See Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). "As a general principle, the unfavorable disposition of a Plaintiff's federal claim at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Id. (citations omitted). Accordingly, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** as to Defendant Kurland.

No judgment is to be issued at this time because the First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule ... furthers the 'strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir.1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir.1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir.1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir.1986)); see also United States v. Nixon, 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974).

**IT IS SO ORDERED.**

Date: June 26, 2001

DANIEL R. DOMINGUEZ
U.S. District Judge

N:\98-1787.wpd