UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO



**SHAKA BERMUDEZ, et al.,**

    Plaintiffs,

    v.

**CIVIL NO. 98-1787 (DRD)**

**1 WORLD PRODUCTIONS, INC.,
et al.,**
    Defendants.

## OPINION AND ORDER

Pending before the Court is Defendant El San Juan Hotel and Casino motion to dismiss under Fed.R.Civ.P. 12(B)(6), filed on October 16, 2001. (Docket No. 56). Plaintiffs have not opposed. In light of Plaintiffs' complete disregard and flagrant non-compliance with the Court's orders, and Plaintiffs' non appearance at the Status Conference held on October 24, 2001, which grossly demonstrated disinterest in prosecuting the instant litigation, Defendant El San Juan Hotel and Casino's motion to dismiss is hereby **GRANTED**, and the instant case is **DISMISSED** against **all** Defendants.

### I
### FACTUAL BACKGROUND

The instant case was filed under the provisions of 42 U.S.C. §§ 1981, 1985, 1986, 1988 and 2000a et seq., and jurisdiction was assumed pursuant to 28 U.S.C. §§ 1331 and 1343. (See Fourth Amended Complaint, Docket No. 9). Defendants answered the (fourth amended) complaint, together with several dispositive motions. (See Docket Nos. 13, 17, 24 and 26). Specifically, co-



defendants Astrid Martinez and Orlin P. Goble filed motions to quash service of process. (Docket Nos. 13 and 17). However, **Plaintiffs failed to file opposition to said dispositive motions and the Court therefore ordered them to show cause. The Court also admonished them that "[f]ailure to comply with this order will signal lack of prosecution on the part of plaintiffs and result in the dismissal of the complaint."** (Docket No. 29).

Thereinafter Plaintiffs filed a Motion to Show Cause, **acknowledging that they "failed to properly serve defendants"** and requested that the Court "re-issue new summons." Moreover, Plaintiffs moved to voluntarily dismiss the complaint without prejudice against co-defendants Yoly Garraton and Wyndham International, Inc., pursuant to Fed.R.Civ.P. 41(A). (Docket No. 33). Soon thereafter Defendants filed a Motion to Compel Plaintiff to Properly Notify by Mail His Motions to the Defendants' Legal Representations requesting the Court to "order plaintiff to mail to the defendants' legal representation copy of [his] motion[s]." (Docket No. 34). On June 28, 1999 the Court issued order granting Plaintiffs 45 days to re-serve process on Astrid Martinez and Orlin P. Goble. **Again, the Court warned the Plaintiffs that failure to timely comply with the Court's orders could result in the dismissal of the complaint.** (Docket No. 35).

On June 25, 1999 the Court also issued order and judgment dismissing the complaint against co-defendants Yoly Garraton and Wyndham International, Inc., **without prejudice and without the imposition of costs, expenses and attorneys' fees.** (Docket No. 36). On July 8, 1999, defendants Yoly Garraton and Wyndham International, Inc. filed a motion to request **reconsideration of judgment so that the dismissal be with prejudice and with imposition of attorney's fees**, due to the fact that they **did not stipulate voluntary dismissal** and, hence, Fed.R.Civ.P. 41(a) "does not apply." (Docket No. 37).

On August 13, 1999, defendants Astrid Martinez and Orlin Goble again appeared in a motion claiming that, although Plaintiffs were granted 45 days to serve process on them again, "**they have not been served with process and are unaware of anyone at their residential abode having been served with process.**" **They also reminded this Court of its admonition to Plaintiffs that failure to comply would result in dismissal.** Therefore, they requested the Court to dismiss the complaint with respect to them. (Docket No. 38). On November 12, 1999, the Court issued an order granting Yoly Garraton and Wyndham International's motion for reconsideration, and **ordered Plaintiffs to show cause in 15 days** as to why reasonable attorney's fees should not be imposed. Further, **the Court once again warned Plaintiffs that failure to comply would result in the imposition of attorney's fees.** The order also acceded to Astrid Martinez and Orlin Goble's motion to dismiss for failure to comply with order mandating them to serve process on them again. **Hence, the complaint was dismissed without prejudice with respect to these defendants.** (See Docket No. 39).

On **January 18, 2000,** Plaintiffs filed an **untimely** Motion to Show Cause opposing the request to impose attorney's fees. **This was Plaintiffs last motion filed on record.** On January 24, 2000, defendants Yoly Garraton and Wyndham International opposed Plaintiffs' motion to show cause on the ground that it was untimely filed, and plead that attorney fees in the amount of $1,000.00. The Court granted that motion on May 4, 2000, and ordered defendants Yoly Garraton and Wyndham International to certify within 10 days "the proposed rate for attorney's fees, the amount of time dedicated and the costs incurred in representing their clients." (Docket No. 45). After fully complying, **the Court issued order imposing attorney fees against Plaintiff in the amount of $3,431.25.** (Docket No. 48). **To date, Plaintiffs have not paid said attorney fees.**

On March 21, 2001, defendant David Kurland filed motion to dismiss pursuant to

Fed.R.Civ.P. 12(B)(6), **which went unopposed** and, therefore, **this Court granted dismissal on June 26, 2001.** (Docket No. 53). **However, on May 21, 2001, Marcos A. Rivera Ortiz, Esq., requested to withdraw as attorney.** (Docket No. 52). On July 18, 2001, the Court denied the motion to withdraw (Docket No. 54). On October 16, 2001, defendant El San Juan Hotel and Casino also filed motion to dismiss under Fed.R.Civ.P. 12(B)(6). (Docket No. 56). **To date, that motion is still unopposed.**

Finally, the Court issued an order on September 6, 2001 which scheduled a Status Conference for October 24, 2001 at 5:30 PM. (Docket No. 55). However, **counsel for Plaintiffs, Marcos A. Rivera Ortiz, Esq., failed to appear.** This constituted **the last act of disobedience on the part of Plaintiffs.**

## II
## APPLICATION OF THE LAW

A district court has broad authority to dismiss a case "after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance." Sierra-Lugo v. Mayaguez Consortium-Las Marias, __ F.3d __, No. 01-1441, 2001WL1298814, at *1 (1st Cir. Oct. 30, 2001)(per curiam); Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir.1996)(broad authority and discretion to dismiss a case for "failure to obey orders"). One source of such authority is Fed.R.Civ.P. 41(b). Furthermore, "the rules of civil procedure do not completely describe and limit the power of district courts." Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 (1st Cir.1985). Indeed, "[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed

with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act sua sponte to dismiss a suit for failure to prosecute," id. at 44, and to enter default judgment, see Brockton Sav. Bank, 771 F.2d at 12. "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani, 704 F.2d at 17.[1]

Moreover, "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client." See Link v. Wabash R. Co., 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92, 8 L.Ed.2d 734 (1962); Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992). Litigants have an unflagging duty to comply with clearly communicated case-management orders, a duty that extends even to litigants who proceed pro se. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993); Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996). See also Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (court need not consider summary judgment motion filed after deadline Id. at 315-16.).

In the case at bar, Plaintiffs were repeatedly given unambiguous directives which they have consistently refused to follow. Because of Plaintiffs' absence of any timely explanatory filing, or recent activity, the Court finds that their disobedience lacks justification. "A district court has broad authority to ... dismiss a case for failure to obey ... orders," Robson v. Hallenbeck, 81 F.3d 1, 2 (1st

---

[1] The First Circuit "[reviews] a district court's exercise of its inherent powers only for abuse of discretion." See Chambers, 501 U.S. at 44; National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).

Cir.1996). "Prejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Consequently, this Court holds that Plaintiffs' failure to respond to its many orders warrants dismissal. Id.; Spiller v. U.S.V. Lab., Inc.,842 F.2d 535 (1st Cir. 1988). "[A] district court [is] entitled to insist upon compliance with its local rule." Corey v. Mast Road Grain & Bldg. Materials Co., Inc., 738 F.2d 11, 12 (1st Cir. 1984); see also United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops, 857 F.2d 46 (1st Cir. 1988).

After a long and protracted failure to prosecute, and utter disregard to clear judicial orders, the Court need not give any further opportunities to Plaintiffs. The Supreme Court has made it clear that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Moreover, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Figueroa-Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir.1990).

This Court is well aware that "[d]ismissal with prejudice is a harsh sanction, ... which should be employed only when a plaintiff's misconduct has been extreme, ... and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993). Nevertheless, the Court explicitly makes such a finding herein. Plaintiffs' counsel has repeatedly ignored explicit Court orders. Moreover, Plaintiffs have failed to prosecute its case. **They have not filed motions in more than**

**18 months. This Court simply does not have the "obligation to play nursemaid to indifferent parties."** Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990)(emphasis added).

The Court issued several orders all of which warned the Plaintiffs that the failure to comply with the terms of the order could result in the imposition of sanctions, including, but not limited to, the dismissal of the complaint. Nonetheless, Plaintiffs failed to comply with the Court's orders in a timely fashion. In addition, Plaintiffs counsel was absent from the Status Conference, although he was aware his request for withdrawal had been denied (Docket No. 54) and that his attendance at the conference was required. "The court has its own interest in securing compliance with its orders." Sierra-Lugo v. Mayaguez Consortium-Las Marias, supra. Therefore, in view of Plaintiffs consistent noncompliance, the Court holds that dismissal **with prejudice** in this case is appropriate.

### III
### CONCLUSION

**WHEREFORE**, due to Plaintiffs' failure to comply, after a clear and stern warning, with an explicit orders and deadlines of the Court, the claims against **all** Defendants are hereby **DISMISSED, WITH PREJUDICE, ATTORNEY FEES AND COSTS.** Furthermore, **Plaintiffs have 15 final days to comply with the Order issued by this Court on July 31, 2000** (Docket No. 48).

**IT IS SO ORDERED.**

Date: October 31, 2001

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE