UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

SHAKA BERMUDEZ, et als.,

    Plaintiffs,

v.                           CIVIL NO. 98-1787(DRD)

1 WORLD PRODUCTIONS, INC.,
et al.,
    Defendants.

## OPINION AND ORDER

On October 31, 2001 this Court dismissed Plaintiff's complaint and entered Judgment, awarding also costs and attorney's fees in favor of Defendants. (Docket Nos. 58 & 59). On November 30, 2001 Defendants filed a motion requesting that the Court impose upon counsel for Plaintiffs the responsibility of paying the attorneys' fees, pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. (Docket No. 60).

On December 13, 2001 Defendants filed a timely motion submitting a statement of legal fees incurred by their attorneys in this case. See Local Rule 332. (Docket No. 61). Pursuant to Local Rule 332, Plaintiffs had until December 28, 2001 to file responsive materials and objections to Defendants' petition. See id. **They have failed to do so.** The issue that arises then is whether, under Fed.R.Civ.P.11 and 28 U.S.C. § 1927, the Court may impose upon counsel for Plaintiffs the responsibility of paying the attorneys' fees incurred by counsel for Defendants. After careful consideration, the Court finds that requiring counsel for Plaintiffs to pay the attorneys' fees in this case is warranted. Thus, Defendants' Motion to Impose on Plaintiffs' Attorney Payment of Legal Fees (Docket No. 60) and Defendants' Motion Submitting Statement of Legal Fees Incurred (Docket

No. 61) are hereby **GRANTED** as amended herein.

# I

At the outset, the Court notes that a court is not divested of jurisdiction to impose sanctions under Rule 11, simply because the case has been dismissed. Bolivar v. Pocklington, 975 F.2d 28, 31 (1st Cir. 1992). "It is well-established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S. Ct. 2447, 2455 (1990).

Fed.R.Civ.P. 11 serves the purpose of requiring attorneys to assume responsibility for the claims and defenses they represented to the Court. Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990). Accordingly, attorneys are obligated to "make a reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay." Id. Pursuant to Rule 11, attorneys are also under the "continuing obligation to ensure that the proceedings do not continue without reasonable basis in law and fact." Id.

The First Circuit Court of Appeals has adopted "an objective standard or reasonableness under the circumstances." Id. at 631. Subjective good faith, thus, is no longer enough to protect an attorney from sanctions under Rule 11. Id. A district court, however, is to "exercise caution," when imposing sanctions under Rule 11, avoiding always "the wisdom of hindsight and instead evaluate an attorney's conduct based upon what was reasonable at the time the attorney acted." Id.[1] In sum,

---

[1] Review of a lower court's imposition of sanctions under Rule 11, is examined for abuse of discretion. Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 758 (1st Cir. 1988).

2

under Rule 11, a court may impose on an attorney (as opposed a client) the personal obligation of paying the opposing parties' attorney's fees, as sanctions for irresponsibly, willfully, and incompetently initiating a cause of action. Cruz, 896 F.2d at 631.

Likewise, section 1927 of Title 28 United States Code provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Id.

Furthermore, section 1927 requires a finding that, in multiplying unnecessarily the proceedings, the attorney's conduct was "unreasonable and vexatious," as the statute plainly states. The First Circuit has explained that behavior is "vexatious" when "it is harassing or annoying, regardless of whether it is intended to be so"; thus, "if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927." Cruz, 896 F.2d at 632. Under this statute, a finding of bad faith is not required; but if bad faith is present, sanctions are to be imposed. Id. at 631-32. As the First Circuit has fully explained in Cruz:

> The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a "serious and studied disregard for the orderly process of justice." Yet, we agree with other courts considering this question that section 1927's requirement that the multiplication of the proceedings be "vexatious" necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence.

Id. at 632 (internal citations omitted). As with Rule 11, section 1927 requires an objective analysis, that is, the inquiry under section 1927 is an objective one. Bolivar, 975 F.2d at 34. Likewise, in

3

reviewing the imposition of sanctions under section 192, the First Circuit shall uphold any determination, unless there is abuse of discretion, since the imposition of sanctions rests with the judicial actor closest to the litigation. Cruz, 896 F.2d at 632. Viewing the circumstances of this case objectively, the Court now analyses whether the imposition of sanctions under Rule 11 and section 1927 is appropriate here.

## II

The Court begins by acknowledging that to adjudicate this matter, the Court must make a difficult assessment between the role of an attorney as an officer of the court and his personal duty to his client to represent him in a zealous and rigorous manner. And "[d]istinguishing zeal from frivolity is not an easy task." See Cruz v. Savage, 691 F.Supp. 549, 556 (D.P.R. 1988). Moreover, sanctions should not be imposed so as to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. Cruz, 896 F.2d at 631.

The two attorneys representing Defendants assert that they incurred legal fees in the amount of $28,477, which break down as follows: attorney Charles Fitzwilliam alleges his legal fees amounted to $13,852; and attorney Jose Vazquez claims his legal fees amount to $14,625. Both have backed their claims with detailed, billing invoices. Both attorneys fix their fees at $75.00 per hour, albeit with a caveat —that "the ongoing rate for litigation before the Federal Courts is much higher."[2] See Motion Submitting Statement of Legal Fees Incurred, p.1, Docket No. 61.

The Court agrees with counsel for Defendants, and finds that the conduct displayed by

---

[2] They are correct as has been found by the First Circuit Court of Appeals. See note no. 5, infra.

4

attorney for Plaintiffs was not only unreasonable, but finds that he acted irresponsibly and beyond negligently when initiating this case, and during the course of the same. Thus, sanctions may be imposed under Rule 11. Cruz, 896 F.2d at 631. Furthermore, the Court finds that his conduct rose to the level of "vexatious"; that is, the Court finds his conduct multiplied proceedings, and was unreasonable, harassing and annoying. Accordingly, sanctions may be imposed under section 1927. Id. at 632. The Court harbors some doubt as to whether the conduct displayed was in bad faith; but as stated above, a finding of bad faith is no longer required. Id. at 631-32. And intention is not so much a factor anymore, under the recently-established, objective standard. See id. at 632 ("Behavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so.") The Court is however plainly convinced that the conduct here in question has easily surpassed the threshold of mere negligence, inadvertence, or incompetence. Id. at 632. Therefore, sanctions are also appropriate, pursuant to section 1927. A review of the history of this case, clearly supports the finding.

Plaintiffs filed this action pursuant to the Civil Rights Act, 42 U.S.C. §§ 1981, 1985, 1986, 1988 and 2000a et seq. Defendants answered the (fourth amended) complaint, together with several dispositive motions. (See Docket Nos. 13, 17, 24 and 26). Specifically, co-defendants Astrid Martinez and Orlin P. Goble filed motions to quash service of process. (Docket Nos. 13 and 17). However, **Plaintiffs failed to file opposition to said dispositive motions and the Court therefore ordered them to show cause. The Court also admonished them that "[f]ailure to comply with this order will signal lack of prosecution on the part of plaintiffs and result in the dismissal of the complaint."** (Docket No. 29).

Thereinafter counsel for Plaintiffs filed a Motion to Show Cause, **acknowledging that he**

5

"**failed to properly serve defendants**" and requested that the Court "re-issue new summons." Moreover, Plaintiffs moved to voluntarily dismiss the complaint without prejudice against co-defendants Yoly Garraton and Wyndham International, Inc., pursuant to Fed.R.Civ.P. 41(A). (Docket No. 33). Soon thereafter Defendants filed a Motion to Compel Plaintiff to Properly Notify by Mail His Motions to the Defendants' Legal Representations requesting the Court to "order plaintiff to mail to the defendants' legal representation copy of [his] motion[s]." (Docket No. 34). On June 28, 1999 the Court issued an order granting Plaintiffs 45 days to re-serve process on Astrid Martinez and Orlin P. Goble. **Again, the Court warned the Plaintiffs that failure to timely comply with the Court's orders could result in the dismissal of the complaint.** (Docket No. 35).

On June 25, 1999 the Court also issued an order and judgment dismissing the complaint against co-defendants Yoly Garraton and Wyndham International, Inc., **without prejudice and without the imposition of costs, expenses and attorneys' fees**. (Docket No. 36). On July 8, 1999, defendants Yoly Garraton and Wyndham International, Inc. filed a motion to request **reconsideration of judgment so that the dismissal be with prejudice and with imposition of attorney's fees**, due to the fact that they **did not stipulate voluntary dismissal** and, hence, Fed.R.Civ.P. 41(a) "does not apply." (Docket No. 37).

On August 13, 1999, defendants Astrid Martinez and Orlin Goble again appeared in a motion claiming that, although Plaintiffs were granted 45 days to serve process on them again, "**they have not been served with process and are unaware of anyone at their residential abode having been served with process.**" They also reminded this Court of its prior admonition to Plaintiffs that **failure to comply would result in dismissal.** Therefore, they requested the Court to dismiss the complaint with respect to them. (Docket No. 38). On November 12, 1999, the Court issued an order

6

granting Yoly Garraton and Wyndham International's motion for reconsideration, and **ordered Plaintiffs to show cause in 15 days** as to why reasonable attorney's fees should not be imposed. Further, **the Court once again warned Plaintiffs that failure to comply would result in the imposition of attorney's fees.** The order also acceded to Astrid Martinez and Orlin Goble's motion to dismiss for failure to comply with order mandating them to serve process on them again. **Hence, the complaint was dismissed without prejudice with respect to these defendants.** (See Docket No. 39).

On **January 18, 2000**, counsel for Plaintiffs filed an **untimely** Motion to Show Cause opposing the request to impose attorney's fees. **This was Plaintiffs last motion filed on record.** On January 24, 2000, defendants Yoly Garraton and Wyndham International opposed Plaintiffs' motion to show cause on the ground that it was untimely filed, and plead that attorney fees in the amount of $1,000.00. The Court granted that motion on May 4, 2000, and ordered defendants Yoly Garraton and Wyndham International to certify within 10 days "the proposed rate for attorney's fees, the amount of time dedicated and the costs incurred in representing their clients." (Docket No. 45). After fully complying, **the Court issued order imposing attorney fees against Plaintiff in the amount of $3,431.25.** (Docket No. 48).[3]

On March 21, 2001, defendant David Kurland filed motion to dismiss pursuant to Fed.R.Civ.P. 12(B)(6), **which went unopposed** and, therefore, **this Court granted dismissal on June 26, 2001.** (Docket No. 53). **However, on May 21, 2001, Marcos A. Rivera Ortiz, Esq., requested to withdraw as attorney.** (Docket No. 52). On July 18, 2001, the Court denied the

---

[3] To date, Plaintiffs have not paid said attorney fees.

motion to withdraw (Docket No. 54). On October 16, 2001, defendant El San Juan Hotel and Casino also filed motion to dismiss under Fed.R.Civ.P. 12(B)(6). (Docket No. 56). **To date, that motion is still unopposed.**

Finally, the Court issued an order on September 6, 2001 which scheduled a Status Conference for October 24, 2001 at 5:30 PM. (Docket No. 55). However, **counsel for Plaintiffs, Marcos A. Rivera Ortiz, Esq., failed to appear.** This constituted **the last act of willful vexation.**

Defendants claim that plaintiffs' attorney does not know the real name and exact address of all sixteen (16) plaintiffs he allegedly represents. In his last motion to the Court, he stated that he had lost contact with all his clients except one. Defendants have called into question the propriety of attorney for plaintiff's conduct. So does the Court. Furthermore, Defendants claim that under these circumstances, it is not likely that they will be able to collect the legal fees incurred in the defense of this case, since there is lack of sufficient information as to their real name and addresses. They assert that the person most responsible for initiating this action, which resulted in a frivolous complaint, will remain unscathed, unless the Court otherwise acts.

Counsel for Defendants argues that the attorney for Plaintiffs had an obligation to ponder the consequences of initiating a frivolous case such as this one, before hand. Yet, he filed an original complaint, and followed with four amended complaints. Furthermore, it is undisputed that he failed to properly serve process upon at least two (2) of the defendants, Mr. Orlin Goble and Astrid Martinez. He also included additional plaintiffs in the complaint as to facts and law, without proper basis to do so, and further failed to respond to a series of motions diligently filed by Defendants. His conduct was clearly unreasonable and vexatious.

In sum, the plaintiffs attorney's conduct warrants sanctions, and the record supports this

8

conclusion. The following are the reasons the Court finds, support the imposition of sanctions on plaintiffs' counsel: 1) he amended the complaint on four different occasions, delaying the litigation process, and forcing defendants to amend and file their pleadings anew; 2) he failed to properly serve some defendants; 3) he failed to prosecute the case, on several occasions, which eventually led to its dismissal; 4) he failed to oppose the various motions to dismiss filed by the defendants, forcing the Court to intervene, and warn him, resulting in a needless use of the Court's and defendants' resources; 5) he failed to provide notification of motions to counsel for defendants, on several occasions; and 6) and has failed to appear in Chambers, for duly-notified, court-held conferences, in Chambers. It is clear that counsel for Plaintiffs crossed the line and acted unreasonable and vexatious; his advocacy was troublesome, needlessly multiplying the proceedings in this case. Under such circumstances, it is appropriate to sanction the attorney personally for the attorneys' fees reasonably incurred by the opposition in this case.

If the shoe fits, a court may impose sanctions. The Court is mindful that sanctions are an appropriate means of discouraging parties and their counsel from wasting the time of courts and other litigants by prosecuting cases in ways that deviate substantially from the rules. See, e.g., Calderon-Ontiveros v. INS, 809 F.2d 1050, 1053 (5th Cir. 1986)(imposing sanctions for failure to comply with FRAP rules); Hamblen v. County of Los Angeles, 803 F.2d 462-65 (9th Cir. 1986)(similar). Morever, the underlying purpose of Fed.R.Civ.P. 11 is to punish and deter frivolous litigation. Cruz, 691 F.Supp. at 556. Here, the imposition of sanctions could well serve these purposes. "The obligation to answer for one's act accompanies the act"; thus, a lawyer cannot absolve himself of responsibility simply because his client's suit has been dismissed. See Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1079 (7th Cir. 1987).

Therefore, viewing the factors stated above objectively, see Cruz, 896 F.2d at 632 (section 1927 inquiry is an objective one), the district court's characterization of the attorneys' conduct as unreasonable and vexatious is plainly supportable by the record. See id. Furthermore, since Plaintiff has failed to object in any way Defendants' request, the Court hereby awards Defendants with attorney's fees, the Court grants Defendants' petition. However, although finding that plaintiffs' attorney has engaged in frivolous and vexatious conduct, and had further multiplied the proceedings and litigation in a manner that is clearly unreasonable, the Court shall not impose a sanction equivalent to the opposing attorney's reasonable attorney's fees, despite the fact that the Court has authority to do so. The imposition of sanctions of this nature, is not a simple task, and the Court is mindful that the First Circuit has admonished to "exercise caution." See Cruz, 896 F.2d at 631.

Therefore, after careful review of the defendants' attorneys' attested time and invoices, the Court finds that Defendants are entitled to $8,725 in attorney's fees for Mr. Fitzwillams work, and $6,550 for Mr. Vazquez-Garcia's work.[4] The Court deems this amount is suitable fo its purposes with respect to the specific conduct proscribed in Rule 11 and 28 U.S.C. §1927.[5] This case was no novelty; it was a simple, run-of-the-mill, civil rights action which "unnecessarily strained the judicial process and left us empty but for misgivings of the whole torturous proceedings." Cruz, 691 F.Supp. at 557. Thus, the sanction here imposed is, the Court deems, proportionate to nature of the case, and

---

[4] The Court has exercised its discretion and eliminated "excessive" baggage, reducing the amount awarded in fees from over $28,000 being requested in total, to $15,275.

[5] Furthermore, the Court finds their petition fully satisfies the parameters of Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331 (1st Cir. 1997). Also noteworthy is that the rate of fees fixed by both counsel are at $75.00 per hour, which the Court deems reasonable. Cf., Lipset v. Blanco, 975 F.2d 934, 944 n.8 (1st Cir. 1992).

the unreasonable conduct displayed by the attorney for Plaintiffs.

### III

In short, the Court finds that plaintiffs' attorney engaged in frivolous and vexatious conduct, and further multiplied the proceedings and litigation in a manner that was clearly unreasonable, and meritorious of sanctioning under Fed.R.Civ.P. 11 and 28 U.S.C. §1927. Therefore, after careful review of the defendants' attorneys' attested time and invoices, the Court finds that Defendants are entitled to $8,725 in attorney's fees for Mr. Fitzwillams work, and $6,550 for Mr. Vazquez-Garcia's work, for a total of $15,275. Attorney for Plaintiff, Marcos A. Rivera-Ortiz, is to pay said amount in full within thirty (30) days.

**WHEREFORE**, Defendants' Motion to Impose on Plaintiffs' Attorney Payment of Legal Fees (Docket No. 60) and Defendants' Motion Submitting Statement of Legal Fees Incurred (Docket No. 61) are hereby **GRANTED** as herein amended.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of August, 2002.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

P:\Kevins Cases\98-1787.attorneys'fees.1927.wpd

11