**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**SHAKA BERMUDEZ,** et als.,
Plaintiffs,

v.                                                                                      **CIVIL NO. 98-1787(DRD)**

**1 WORLD PRODUCTION, INC.,** et al.,
Defendants.

## ORDER OF EXECUTION

Upon the motion filed by de Defendant, 1World Production Inc. herein for the execution of the judgment entered by this Court on August 22, 2002, and it appearing from the records of this Court and from Defendant's motion that the Plaintiff, Shaka Bermudez and his attorney failed to pay to the defendant the sums of money adjudged to be paid under the said judgment. And it appearing further that thirty days have elapsed from the entry of judgment;

**IT IS HERBY ORDERED:**

That Aguedo de la Torre be named appointed receivers of any asset of property garnished, attached or restrained from the Plaintiff, Shaka Bermudez and/or his attorney Marcos A. Rivera Ortiz.

That the United States Marshal proceed forthwith and seize, attach or garnish all property owned by the Plaintiff, either in its possession or in possession of third parties, and proceed to sell at public auction to the highest bidder, the property executed in the manner and forms herein further provided:

(a) Said public sale shall be had at the office of the Clerk of this Court, or the United States Marshal for this District.

(b) Notice of sale shall be published by the United States Marshal once a week for at least four weeks prior to the date of the sale, in a newspaper printed regularly and having a general circulation in the island of Puerto Rico.

(c) The United States Marshal at the sale shall not accept in payment of the property to be sold anything but United State currency or certified checks, except in case the property be sold and adjudicated to the Defendant, in which case the amount of the bid made by the Defendant shall be credited and deducted from its bid over the secured indebtedness then remaining unsatisfied.

(d) The United States Marshal may break any clock or doorknob deemed necessary, to obtain access to the residence or building of the Plaintiff to attach property of the Plaintiff in order to execute the judgment entered against them in this case.

(e) The United States Marshal may, either personally or by some person designated by him to act in his name by his authority, adjourn the sale from time to time without further publication.

      (f) Upon the confirmation of the sale by this Court, the United States Marshal shall execute and deliver a deed of conveyance of the property sold to the purchaser thereof.

      **SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of August of 2006.

                                                  s/Daniel R. Dominguez
                                                  **DANIEL R. DOMINGUEZ**
                                                  **US DISTRICT JUDGE**